61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DAWSON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Theodore Jolley, Theodore Smith, Dorothy
Vigil, Art Sayre, Rebecca Matthews, Yolanda Martinez, Frank
Raines, Hector Campas, Elaine Branch, Walter Lasarkiewitcz,
William Gaspar, Daniel Garvin, Lloyd Buckmaster, Terry
Rutan, Richard Greenberg, Bernstein, and Leff, Defendants-Appellees.
 No. 94-15841.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 24, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Dawson, an Arizona state prisoner, appeals pro se the district court's judgment for defendants, following a bench trial, on Dawson's claim that prison food was nutritionally inadequate. Dawson also appeals several pre-trial rulings.[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Nutritionally Inadequate Food Claim
 
 3
 Dawson contends that the district court erred by rejecting his claims that the diet at the prison was nutritionally inadequate. This contention lacks merit.
 
 
 4
 Prison officials have an obligation to provide adequate nutrition for inmates. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981). Walter Lazarkiewitcz and Terry Rutan, prison officials responsible for overseeing the provision of food at the facility where Dawson was incarcerated, presented expert testimony that the diet provided to Dawson was nutritionally adequate. The district court found that the prison diet was "both nutritionally adequate and reasonably varied in terms of ingredients [and] manner of preparation." Because we will not challenge the factual findings of the district court unless we have a firm conviction that an error has been made, we conclude the district court properly ruled in favor of these defendants. See Fed. R. Civ. P. 52(a); Securities & Exchange Comm'n v. American Principals Holding, Inc., 962 F.2d 1402, 1405 (9th Cir. 1992), cert. denied, 113 S. Ct. 210 (1992).
 
 B. Pre-Trial Orders
 
 5
 Dawson contends that the district court erred by limiting his interrogatories, limiting the number of witnesses he could call at trial, and failing to appoint counsel for the bench trial.
 
 
 6
 The district court may limit a party's interrogatories where "the discovery sought is unreasonably cumulative or duplicative." See Fed. R. Civ. P. 26(b)(2)(i). Given Dawson's demonstrated inability to file non-duplicative pleadings, we cannot conclude that the district court abused its discretion by limiting Dawson's interrogatories. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir. 1993).
 
 
 7
 The district court may also limit the number of witnesses for "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403. Because Dawson's list of witnesses included only prisoners who would testify as to the quality and quantity of food, the district court acted within its discretion in concluding that these witnesses would merely present cumulative evidence. See Jaurequi v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir. 1988).[2]
 
 
 8
 Finally, we are unable to conclude that Dawson's likelihood of success or the complexity of the issues were so "exceptional" as to render the district court's decision not to appoint counsel an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (holding that "exceptional circumstances" must exist to appoint counsel in a civil case; court should look to likelihood of success on the merits and complexity of issues).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Dawson did not raise his claim that prison officials violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794 (1985), before the district court, we decline to review Dawson's Rehabilitation Act claim. See U.S. v. Oregon, 769 F.2d 1410, 1414 (9th Cir. 1985) (appellant has burden of proof on question that exceptional circumstances exist justifying this court's exercise of discretion to review issues not raised before the district court)
 Because Dawson did not raise any claims relating to the district court's January 7, 1994, order granting summary judgment for defendants in his opening brief, we deem these issues abandoned. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988).
 
 
 [2]
 In addition, because the district court relied heavily upon the testimony of the defendants' expert witness in finding that the prison diet was nutritionally adequate, there was no prejudice resulting from Dawson's lack of opportunity to present additional prisoner testimony. See Jaurequi, 852 F.2d at 1132 (reversal of district court's evidentiary ruling requires showing of "some prejudice"); cf. Martel v. County of Los Angeles, No. 91-56268, slip op. 5985, 5990 (9th Cir. June 1, 1995) (must show actual, substantial prejudice where challenging denial of continuance to conduct further discovery before commencement of trial)